JIM WILLIAMS, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

Division A.

Opinion Filed November 24, 1926.

1. Evidence examined and found to be sufficient to sustain a verdict of murder.

A Writ of Error to the Circuit Court for Putnam County; A. V. Long, Judge.

Judgment affirmed.

*J. B. Canon,* for Plaintiff in Error.

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Assistant, for the State.

ELLIS, C. J.—The plaintiff in error was convicted of murder in the first degree upon an indictment charging him with the murder of Stella Williams on February 15, 1926. He seeks a reversal of the judgment on writ of error.

There are two assignments of error, both of which are directed to the same ruling, viz.: the denial of the motion for a new trial. The motion contains five grounds but is directed to two propositions: first, the verdict is not supported by the evidence, and, second, is in disregard of the charges of the Court. The one point discussed however by the counsel for plaintiff in error in the brief is that the evidence fails to establish the fact of premeditation.

A lengthy discussion of the facts would avail nothing by way of elucidating any point of law involved but would seem to be proper because of the serious nature of the case. As the only question presented however is whether the element of premeditation was sufficiently proved it becomes unnecessary to do more than briefly refer to such evidence as we deem sufficient to support the verdict.

The testimony of Dr. Warren both as to the nature of the wound from which the woman died and the declaration made by her in contemplation of death tended to establish the fact of death by a knife wound inflicted in the side of the woman by the plaintiff in error in a quarrel with her because she had remained too late at a party which she had attended the night she was stabbed. It also appeared from the testimony of the doctor that the woman deemed herself to be the cause of the quarrel and did not want her slayer punished because she remained away from home longer than she should and had been drinking. Of course, her

generous spirit of forgiveness could not and does not ameliorate his guilt.

The evidence of Minnie Pinkney, the woman at whose house the dance was held, tends to establish the fact of an unprovoked and premeditated assault upon the woman, Stella, by the accused with a deadly weapon.

The evidence of Wash Bivens tends to establish the fact of the continued assaults upon the woman after they came home and the possible infliction of the death wound then.

The testimony of the chief of police as to the admissions of the accused tended to establish the fact of the criminal act of the accused and the motive which impelled it.

The testimony of the defendant, himself, while weakly explanatory, is confirmatory of his guilt.

An examination of the charges reveals no error committed by the Court in his conception of the law.

The verdict was amply sustained by the evidence and the charge of the Court was clear and correct as to the law.

Finding no error in the record, the judgment is affirmed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.